AUSA  Michael C. Martin (313) 226-9670

AO 91 (Rev. 08/09)  Criminal Complaint   SEALED MATTER   Special Agent  Sergio Segovia (313) 926-4700

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
        v.

ALEXANDER MURRELL

Case:2:15-mj-30328
Judge: Unassigned,
Filed: 07-10-2015 At 02:10 PM
SEALED MATTER (LH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 5, 2015 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 United States Code, Section 1325(a) and Title 18 United States Code, Section 911 and 1001. | See Attachment. |

This criminal complaint is based on these facts:

**See Attachment.**

FILED

JUL 10 2015

CLERK'S OFFICE
U.S. DISTRICT COURT

☑ Continued on the attached sheet.

_____
Complainant's signature

Sergio Segovia, CBP Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date:  July 10, 2015

City and state:  Detroit, Michigan

_____
Judge's signature

DAVID R. GRAND  United States Magistrate Judge
Printed name and title

<u>Affidavit</u>

I, Sergio Segovia, being duly sworn, do hereby state:

1.    I am a Border Patrol Agent with the United States Department of Homeland Security (DHS), Customs and Border Protection (CBP).  I have been employed in this capacity since October 2001.  I am currently assigned to the Detroit, Michigan Station.

2.    The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all of the information collected during the investigation of this incident.

3.    Alexander David MURRELL is a 24 year old male, native and citizen of Canada, who last entered into the United States on July 5, 2015, in the area between the Detroit Princess and the Ambassador Bridge by way of an inflatable raft without being admitted, inspected or paroled by an Immigration Officer.

4.    At approximately 9:00 p.m., on July 05, 2015, United States Coast Guard contacted Agents of the U.S. Border Patrol from Detroit stating that there was a male subject in the Detroit River.  The subject was on a small raft and was unable to stay afloat.  Coast Guard Officers as well as Agents of the U.S. Customs and Border Protection Marine Unit encountered the subject in U.S. waters hanging on to the seawall.  He was near the intersection of

Riverfront Dr. and W. Jefferson. The subject stated to Coast Guard Officer Steven Seamen that he had launched his raft from Canada and that he was a United States Citizen. This location is not a place designated by immigration officers for entry into the United States.

5. Border Patrol Agent B. Wolfe arrived at the location and questioned the subject as to his citizenship and his purpose for being on the raft on the Detroit River. The subject restated he was a United States Citizen. Upon questioning, Agent Wolfe immediately started noticing discrepancies with the subject's story. The detaining officer gave Agent Wolfe the subject's identification document. The subject's Michigan identification card displayed the name of Jeffery Alan Hall. Agent Wolfe recognized this document to be counterfeit. Agent Wolfe noticed that the identification card was substantially different than a Michigan Identification Card issued by the State of Michigan. First, the weight of the card stock was different than an authentic Michigan identification card. Secondly, the card's laminate had a hologram that had the word "Genuine" on it as opposed to having the word "Michigan" and the Mackinac Bridge. The identification number should have started with a letter "H" in conjunction with his last name of Hall. Lastly, the font and color of the card were different from that of an authentic Michigan identification card.

2

6.   Agent Wolfe asked the subject as to his citizenship which he stated he was an American Citizen, born in Detroit, Michigan.  The subject could not name the hospital in which he was born. The subject claimed to have been taking pictures and was contemplating making an entry into Canada to go to the casino, although he did not possess a camera.

7.   The subject stated to Agent Wolfe that the money in his pocket was wet. Thereafter the subject removed the money from his pocket.  Agent Wolfe noticed that some of the money was Canadian, so he asked the subject later identified as Alexander D. Murrell, where he had obtained the Canadian money.  The subject vaguely pointed towards downtown Detroit, but could not give an exact location of where he exchanged the money. There is not an area nearby designated to launch a boat, kayak, or a raft.  Illegal cross border activity had been previously documented by Border Patrol Agents in a nearby location, involving a subject on a kayak.

8.   Agent Wolfe requested consent from the subject to search his luggage.  After receiving verbal consent from him, Agent Wolfe found receipts from Canada for the exchange of $194.85 Canadian currency for $150 U.S. Dollars that occurred about three hours prior which implied inconsistencies to his claim. Additional items were found in his luggage that were manufactured in Canada.

9. After further investigation Ontario Police provided Border Patrol Agents with a copy of the subject's Canadian passport showing his true name is Alexander David MURRELL. Law enforcement databases indicate that MURRELL was arrested on October 28, 2014, for Stalking and Threats to Commit Crimes Resulting in Death or Great Bodily Harm in Beverly Hills, California. He has a warrant for Failure to Appear in Beverly Hills, California. He was arrested in Canada on October 28, 2014, for Forgery, Criminal Harassment, Extortion, Uttering Threats, Obstruction of Justice, Fabricating Evidence, and Attempt to Use a Forged Document. He currently has a warrant from the Ontario Police Department in Canada for failing to comply with the legal conditions of remaining in Canada and not travel to the United States.

12. Based upon the above information, probable cause does exist to believe that MURRELL has: (1) illegally entered or attempted to enter the Unites States at any time or place other than as designated by immigration officers, in violation of Title 8, United States Code, Section 1325(a); (2) falsely and willfully represented himself to be a citizen of the United States, in violation of Title 18, United States Code, Section 911; and (3) knowingly and willingly falsified, concealed, or covered up by any trick, scheme, or device a material fact; made a materially false, fictitious, or fraudulent statement or

4

representation; or made or used any false document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry in violation of Title 18, United States Code, Section 1001.

Sergio Segovia, Border Patrol Agent
United States Department of Homeland Security
Customs and Border Protection
United States Border Patrol

Subscribed and sworn to before me this 10th day of July, 2015.

Hon. David R. Grand
United States Magistrate Judge
United States District Court
Eastern District of Michigan

5